# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STUDENT DOE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | )     Civil Action No. 1:25-cv-01352 |
| | ) |
| KRISTI NOEM, Secretary of the | ) |
| Department of Homeland Security; and | ) |
| | ) |
| TODD LYONS, Acting Director of | ) |
| Immigration and Customs Enforcement, | ) |
| | ) |
|    Defendants. | ) |

## MOTION FOR TEMPORARY RESTRAINING ORDER

[Points And Authorities in Support of Restraining Order]

## NOTICE OF MOTION

1. Pursuant to Federal Rule of Civil Procedure 65(b) and Local Civil Rule 65.1 of this Court, Student Doe hereby moves this Court for an emergency temporary restraining order enjoining Defendants Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security (DHS), and Todd M. Lyons, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement (ICE), from taking any enforcement action against Student Doe arising directly or indirectly from the unlawful termination of his Student Exchange Visitor Information System (SEVIS) record or the potential unlawful revocation of his F-1 visa or any discretionary adverse action based thereon.

2. Such enforcement actions include: (1) arresting or detaining Student Doe; (2) transferring Student Doe out of the District of Columbia; (3) removing Student Doe from the United States;

1

and (4) otherwise interfering with Student Doe's lawful academic status, research participation, or employment authorization pending resolution of this litigation.

3. Student Doe further seeks an order declaring Defendants' termination of his SEVIS record legally ineffective for the duration of this litigation, thereby preserving his eligibility to attend school, conduct groundbreaking research in quantum computing, and maintain employment under his F-1 status, including through Optional Practical Training (OPT) or future change/adjustment of status.

4. Student Doe also requests an order requiring parties to redact or file under seal all documents identifying Student Doe and prohibiting disclosure of Student Doe's personal information outside what is reasonably necessary for this litigation and compliance with court orders.

5. The basis for this Motion is set forth in the accompanying Memorandum of Points and Authorities, Student Doe's Complaint (ECF No. 1), and the attached exhibits. As explained therein, Student Doe is entitled to a temporary restraining order to preserve his liberty and due process rights, prevent imminent irreparable harm, and maintain the status quo while this case is pending.

WHEREFORE, Student Doe respectfully prays that this Court:

1. Enjoin Defendants from detaining, arresting, transferring, or removing Student Doe based on the April 10, 2025 SEVIS termination;

2. Declare the SEVIS termination without legal effect during the pendency of this litigation;

3. Require correction of Student Doe's SEVIS record nunc pro tunc to eliminate any gap in status and prohibit the use of the prior termination as an adverse discretionary factor in future adjudications.

4. Require redaction or sealing of Student Doe's personally identifying information;

5. Limit the use or dissemination of Student Doe's personally identifiable information to what is reasonably necessary for this case; and

6. Grant any further relief the Court deems just and proper.

Dated: May 4, 2025                                Respectfully submitted,


/s/ Sarah Decker (DDC Bar No. NY0566)   Sarnata Reynolds (CA Bar: 203444)*
Robert F. Kennedy Human Rights          Ceartas Solutions
1300 19th Street NW, Suite 750          6930 Carroll Ave. Ste. 500
Washington, DC 20036                    Takoma Park, MD 20912
(202) 559-4432                          301-531-5870
decker@rfkhumanights.org                Sarnata@ceartassolutions.com

                                        Counsel for Plaintiff


                                        * application for admission *pro hac vice* filed concurrently

# **TABLE OF CONTENTS**

I. Introduction ................................................................................................................ 7

II. Legal Standard ......................................................................................................... 7

III. Argument ................................................................................................................ 8

    A. Student Doe Warrants a Temporary Restraining Order ............................... 8

        1. Student Doe is Likely to Succeed on the Merits of His Claim ............................ 9

        2. Student Doe Will Suffer Irreparable Harm Absent a TRO ................................. 10

        3. Balance of Equities and Public Interest Favor Granting a TRO .......................... 10

        4. Recent Precedent ................................................................................................ 10

IV. Conclusion ............................................................................................................. 12

Certificate of Service .................................................................................................... 13

Proposed Order ............................................................................................................. 14

# TABLE OF AUTHORITIES

**Cases**

*Aamer v. Obama*, 742 F.3d 1023 (D.C. Cir. 2014) .................................................................. 8

*Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290 (D.C. Cir. 2006) .............. 7, 10

*Cobell v. Norton*, 391 F.3d 251 (D.C. Cir. 2004) .................................................................... 7

*Davis v. Pension Benefit Guaranty Corp.*, 571 F.3d 1288 (D.C. Cir. 2009) ......................... 8

*Department of Homeland Security v. Regents of the University of California*,
140 S. Ct. 1891 (2020) ............................................................................................................ 9

*Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*,
528 U.S. 167 (2000) ................................................................................................................ 9

*Granny Goose Foods, Inc. v. Brotherhood of Teamsters &*
*Auto Truck Drivers Local No. 70 of Alameda City*, 415 U.S. 423 (1974) ............................ 8

*Hinge v. Lyons*, No. 25-cv-01097-RBW (D.D.C. April 15, 2025) ....................................... 10

*Holmes v. Federal Election Commission,* 71 F. Supp. 3d 178 (D.D.C. 2014) .................... 8

*Jie Fang v. Director U.S. Immigration & Customs Enforcement*, 935 F.3d 172
(3d Cir. 2019) ......................................................................................................................... 9

*League of Women Voters of U.S. v. Newby*, 838 F.3d 1 (D.C. Cir. 2016) ........................... 10

*Mathews v. Eldridge,* 424 U.S. 319 (1976) ........................................................................... 9

*National Council of Nonprofits*, ___ F. Supp. 3d ___, ___, 2025 WL 368852 ................... 10

*Save Jobs USA v. U.S. Department of Homeland Security*, 105 F. Supp. 3d 108
(D.D.C. 2015) ........................................................................................................................ 8

*State v. Musk*, No. 25-cv-429 (TSC), 2025 WL 520583 (D.D.C. Feb. 18, 2025) ................ 7

*Winter v. Natural Resources Defense Council, Inc*., 555 U.S. 7 (2008) ............................... 8

*Zadvydas v. Davis*, 533 U.S. 678 (2001) ............................................................................... 9

**Statutes**

5 U.S.C. § 706(2) ................................................................................................................. 9

**Regulations**

8 C.F.R. § 214.1(d) ............................................................................................................... 9

Fed. R. Civ. P. 65(b) ............................................................................................................. 8

## I. <u>INTRODUCTION</u>

Student Doe is a Saudi national and Ph.D. candidate in quantum physics at Georgetown University (Exh. E, Saudi Passport). He has held valid F-1 nonimmigrant status since 2011, maintaining full-time enrollment and strict compliance with immigration regulations (Exh. B, SEVIS Record; Exh. H, Physics Dept. Chair and Ph.D. Advisor, Prof. Paola Barbara, Letter of Support [hereinafter "Barbara Letter"]; Exh. J, Arizona State University Transcript; Exh. K, Brown University Transcript). On April 10, 2025, DHS summarily terminated Student Doe's SEVIS record without notice or opportunity to be heard, citing "criminal records check and/or visa revocation" (Exh. A, Georgetown Office of Global Studies Email Confirming SEVIS Termination [hereinafter "SEVIS Termination Email"]). Already this baseless SEVIS termination has jeopardized Student Doe's lawful status, education, research, and mental health (Exh. A, SEVIS Termination Email; Exh. D, Student Doe Declaration; Exh. H, Barbara Letter). A TRO is urgently needed to prevent arrest, detention, deportation, and other lasting harm while Student Doe challenges DHS's unlawful action.

## II. <u>LEGAL STANDARD</u>

A temporary restraining order (TRO) under Federal Rule of Civil Procedure 65(b) is an extraordinary remedy designed to prevent serious and imminent harm in exigent circumstances. Preliminary injunctions are also "extraordinary remed[ies] that should be granted only when the party seeking the relief, by a clear showing, carries the burden of persuasion." *Cobell v. Norton*, 391 F.3d 251, 258 (D.C. Cir. 2004). To obtain a TRO, a plaintiff must show: (1) likelihood of success on the merits, (2) irreparable harm, (3) the balance of equities favors relief, and (4) an injunction serves the public interest. *See Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006). *See also State v. Musk*, No. 25-cv-429 (TSC), 2025 WL 520583, at *2 (D.D.C. Feb. 18, 2025) ("As with a preliminary injunction, a party seeking a [temporary

restraining order] must establish "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.") (citing *Aamer v. Obama*, 742 F.3d 1023, 1038 (D.C. Cir. 2014)).

Although previously "[t]he four factors [were] typically [ ] evaluated on a 'sliding scale[]'" in this Circuit, *Davis v. Pension Benefit Guaranty Corp.*, 571 F.3d 1288, 1291 (D.C. Cir. 2009), the Supreme Court's decision in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), cast doubt on the propriety of that approach, *see Save Jobs USA v. U.S. Department of Homeland Security*, 105 F. Supp. 3d 108, 112 (D.D.C. 2015) (noting that "[i]t is not clear whether th[e sliding scale] approach survives after Winter, which suggested that a likelihood of success on the merits must always be shown"). Indeed, "the [District of Columbia] Circuit has suggested that a positive showing on all four preliminary injunction factors may be required." *Holmes v. Federal Election Commission*, 71 F. Supp. 3d 178, 183 n.4 (D.D.C. 2014) (citing *Davis v. Pension Ben. Guar. Corp.*, 571 F.3d 1288, 1292 (D.C. Cir. 2009)).

### III. ARGUMENT

#### A. STUDENT DOE WARRANTS A TEMPORARY RESTRAINING ORDER

A temporary restraining order should be issued if "immediate and irreparable injury, loss, or irreversible damage will result" to the applicant in the absence of an order. Fed. R. Civ. P. 65(b). The purpose of a temporary restraining order is to prevent irreparable harm before a preliminary injunction hearing is held. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda City*, 415 U.S. 423, 439 (1974). As explained above, Student Doe's SEVIS record was abruptly and unlawfully terminated by DHS/ICE in an apparent attempt to jeopardize his lawful immigration status, without a lawful or valid basis. He was informed that effective immediately, he no longer had F-1 student status or

work authorization, which Physics Department Chair Professor Paola Barbara described as creating "a staled situation for the whole group involved with [his] project" (Exh. A, SEVIS Termination Email; Exh. H, Barbara Letter).

Absent a TRO, Student Doe is at serious and immediate risk of further unlawful enforcement action by ICE—including arrest, detention, being transferred against his will out of the jurisdiction of this District, and removal from the United States. The unlawful revocation of his SEVIS record, without notice or opportunity to respond, clearly violated Student Doe's due process rights and was otherwise arbitrary and capricious. He has already suffered irreparable injury to his wellbeing and career, in which he excels as an "exemplary" student, researcher, and teacher (Exh. H, Barbara Letter).

While DHS has announced a decision to restore certain SEVIS records, such informal administrative action cannot moot a live controversy unless it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth v. Laidlaw Environmental Services (TOC), Inc.,* 528 U.S. 167, 189 (2000) ("A defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice."). Here, DHS retains the discretion to reverse its decision at any time, and the ongoing gaps in SEVIS records and the risk of future discretionary harms persist. See Charlie Savage, *Trump Student Visa Cancellations*, N.Y. Times (Apr. 25, 2025), https://www.nytimes.com/2025/04/25/us/politics/trump-student-visa-cancellations.html.

1. **Student Doe Is Likely to Succeed on the Merits of His Claims That Defendants Actions Violated the Administrative Procedure Act and Student Doe's Due Process Rights**

DHS violated Student Doe's due process rights by terminating his SEVIS record without notice or an opportunity to respond, in violation of the Fifth Amendment. See *Mathews v. Eldridge*, 424 U.S. 319, 333–35 (1976) (holding that due process requires notice and a

9

meaningful opportunity to be heard before the government deprives an individual of a protected interest); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) (reaffirming that due process protections apply to all persons within the United States, including noncitizens, and prohibit arbitrary government action). The termination also violates the Administrative Procedure Act (APA), because it was arbitrary, capricious, and without legal authority under 5 U.S.C. § 706(2). Under 8 C.F.R. § 214.1(d), DHS may terminate an F-1 SEVIS record only under three circumstances, none of which apply to Student Doe. *See Jie Fang v. Director U.S. Immigration & Customs Enforcement*, 935 F.3d 172, 185 n.100 (3d Cir. 2019). DHS failed to provide any individualized determination or supporting evidence for the termination. The action ignored Student Doe's reliance interests and prior lawful disclosures and deviated from agency guidance. *See Department of Homeland Security v. Regents of the University of California*, 140 S. Ct. 1891, 1913–14 (2020). DHS's actions are legally baseless and procedurally defective, and are thus likely to be overturned on the merits.

### 2. Student Doe Will Suffer Irreparable Harm Absent a Temporary Restraining Order

Student Doe faces imminent risk of removal, arrest, and separation from his academic program and research. This harm cannot be remedied with "adequate compensatory or other corrective relief . . . at a later date" *Chaplaincy of Full Gospel Churches*, 454 F.3d at 297–98. Because of ICE's actions, Student Doe is unable to complete his educational studies or continue his scientific research, a "harm[] for which 'there can be no do over and no redress.'" *National Council of Nonprofits*, ___ F. Supp. 3d ___, ___, 2025 WL 368852, at *13 (quoting *League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 9) (D.C. Cir. 2016). Moreover, Student Doe's research is of national significance and cannot be easily replicated or resumed (Exh. D, Student Doe Declaration; Exh. H, Barbara Letter; Exh. I, Director of Graduate Studies, Physics Dept. Professor Daniel L. Blair Letter [hereinafter "Blair Letter"]).

### 3. Balance of Equities and Public Interest Favor Granting the Temporary Restraining Order

Student Doe has complied with all legal obligations and poses no danger or flight risk. DHS's actions are unsupported and harm both Student Doe and Georgetown University's federally funded research (Exh. H, Barbara Letter; Exh. I, Blair Letter). Public interest favors upholding constitutional protections and ensuring U.S. leadership in strategic technology sectors, a priority that Student Doe's research helps achieve.

### 4. Recent Precedent

In *Hinge v. Lyons*, No. 25-cv-01097-RBW (D.D.C. Apr. 15, 2025), the Court issued a TRO in a case with nearly identical facts. The Court concluded that SEVIS termination, combined with the university response, constituted final agency action with real legal consequences. The Court found irreparable harm and enjoined ICE from taking enforcement action until the record could be further developed. That ruling supports the same result here.

## IV. CONCLUSION

For all the above reasons, this Court should find that Student Doe warrants a temporary restraining order and a preliminary injunction preserving the status quo *before* the SEVIS termination.

Student Doe respectfully asks that the Court grant a temporary restraining order to:

1. Enjoin Defendants from arresting, moving across District lines, detaining, or removing Student Doe based on the April 10, 2025, SEVIS termination pending resolution of these proceedings

2. Declare that the SEVIS termination and any resulting revocation of Student Doe's F-1 visa are without legal effect for all purposes pending the resolution of this case;

11

3. Require redaction or sealing of Student Doe's personally identifying information;

4. Limit use or dissemination of Student Doe's private data to what is necessary for this case; and

5. Grant any other relief the Court deems just and proper.

Dated: May 4, 2025                                      Respectfully submitted,

/s/ Sarah Decker
Sarah Decker (DDC Bar No. NY0566)
Robert F. Kennedy Human Rights
1300 19th Street NW, Suite 750
Washington, DC 20036
(202) 559-4432
decker@rfkhumanights.org

/s/ Sarnata Reynolds
Sarnata Reynolds (CA Bar: 203444)*
Ceartas Solutions
6930 Carroll Ave. Ste. 500
Takoma Park, MD 20912
301-531-5870
Sarnata@ceartassolutions.com

Counsel for Plaintiff

* application for admission *pro hac vice* forthcoming.

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of May, 2025, I caused a true and correct copy of the foregoing Emergency Motion for Temporary Restraining Order and all accompanying materials to be served via electronic mail and/or the Court's CM/ECF system upon all counsel of record. Dated: May 4, 2025                                      Respectfully submitted,

/s/ Sarah Decker
(DDC Bar No. NY0566)
Robert F. Kennedy Human Rights
1300 19th Street NW, Suite 750
Washington, DC 20036
(202) 559-4432
decker@rfkhumanights.org

Sarnata Reynolds (CA Bar: 203444)*
Ceartas Solutions
6930 Carroll Ave. Ste. 500
Takoma Park, MD 20912
301-531-5870
Sarnata@ceartassolutions.com

Counsel for Plaintiff

\* Application for admission *pro hac vice* filed concurrently.