UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STUDENT DOE,<br><br>      Plaintiff,<br><br>    v.<br><br>KRISTI NOEM,<br>Secretary of Homeland Security, et al.,<br><br>      Defendants. | Civil Action No. 25-1352 (APM) |

**<u>DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS</u>**

**INTRODUCTION**

As the government demonstrated in its motion to dismiss, Plaintiff Student Doe already lacked standing when this suit began, and that defect is fatal to this suit. Plaintiff invites legal error by attempting to dilute the threshold jurisdictional requirement that Plaintiff establish his standing. But as the government detailed in its motion and as further explained below, standing must exist at every stage of litigation, including at the preliminary injunction stage, and Plaintiff has not shown a substantial likelihood that he has standing. Indeed, Plaintiff makes no meaningful effort to show that he has standing, preferring instead to leapfrog the threshold issue and jump straight to preliminary injunction and merits issues. The Court, however, cannot take that leap. Given Plaintiff's failure to meet his burden, this matter should be dismissed, and his preliminary injunction motion should be denied as moot. *See Gebert v. Dep't of State*, Civ. A. No. 22-2939 (DLF), 2025 WL 1768044, *2-3 (D.D.C. June 26, 2025) (dismissing for lack of standing and accordingly denying as moot preliminary injunction motion).

**ARGUMENT**

To begin, Plaintiff attacks arguments Defendants never made in this suit, asserts but fails to detail purported contradictions between a government letter to Plaintiff (ECF No. 16-1) and the government's memorandum (ECF No. 18-1, "Gov't Mem."), principally cites judicial authorities from the Ninth Circuit and district courts therein, scarcely addresses the D.C. Circuit's controlling law on the issues raised in Defendants' motion to dismiss, and relies heavily on speculation of future harm that is far from assured. These glaring deficiencies only reinforce why Plaintiff lacks standing and this case should be dismissed.

I.   **Plaintiff Lacks Article III Standing**

As explained in the government's memorandum, to establish standing a plaintiff must show (1) an injury in fact that is concrete, particularized, and imminent; (2) that the injury is fairly

traceable to the challenged conduct of the defendant; and (3) that it is likely to be redressed by a favorable decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Plaintiff fails all three elements. His SEVIS[1] record was reactivated on April 24, 2025, *see* SEVIS Record (ECF No. 18-4), ten days before this suit began, severing any causal connection between the alleged injury and the government's prior conduct. As a result of the SEVIS record being reactivated, there is no present injury fairly traceable to Defendants' conduct, much less an imminent one, nor was there any when the suit began, nor is there any relief that this Court could provide that would redress the now-nonexistent harm.

As the Supreme Court held in *Texas v. United States*, 523 U.S. 296, 300 (1998), "[a] claim resting upon contingent future events that may not occur as anticipated, or indeed may not occur at all, is not fit for adjudication." *Id.* Here, Plaintiff's contention that ICE's past conduct may recur or result in future harm constitutes a speculative and non-adjudicable claim. *See* Pl.'s Status Rep. (ECF No. 12) at 2 (referencing, among other harms, feared "risk of removal"). Possible contingent future events—particularly speculation, for instance, about "[w]hether [Plaintiff] is eligible for a new F-1 visa," a determination that would be made not by any Defendant but by a consular officer at the non-party Department of State, *see* Gov't Mem. (ECF No. 18-1) at 10 (citing *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1158 n.2 (D.C. Cir. 1999))—are too attenuated to establish standing. *See Arpaio v. Obama*, 797 F.3d 11, 21 (D.C. Cir. 2015) ("'[w]hen considering any chain of allegations for standing purposes, we may reject as overly speculative those links which are predictions of future events (especially future actions to be taken by third parties)'" (quoting *United Transp. Union v. Interstate Com. Comm'n*, 891 F.2d 908, 913 (D.C. Cir. 1989))). This is

---

[1] Defined terms used herein are intended to have the same meaning as those used in government's memorandum (ECF No. 18-1).

particularly so given that ICE has issued a letter to Plaintiff confirming the retroactive effect of his SEVIS record reactivation. *See* ECF No. 16-1.

The D.C. Circuit reinforced this principle in *Saline Parents v. Garland*, 88 F.4th 298, 308 (D.C. Cir. 2023), explaining that courts cannot adjudicate cases based on predictions about how the government might implement a policy in the future, as such predictions are mere conjecture. *Id.* (citing *Trump v. New York*, 141 S. Ct. 530, 535 (2020)) (affirming dismissal for lack of standing, as plaintiff's "pre-enforcement claim rests on hypotheticals that are too remote, speculative, and abstract for judicial review"). Similarly, in *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983), the Supreme Court made clear that "the reality of the threat of repeated injury" is required for standing to seek injunctive relief and not a plaintiff's "subjective apprehensions" or "emotional consequences" from past events. *Id.* Here, Plaintiff asserts that his mental health has been "jeopardized." Mot. for Temporary Restraining Order (ECF No. 3) at 7. He also contends that he has "continuing fear," "lingering uncertainty," and worries about "possible" future actions. Pl. Opp'n (ECF No. 22) at 6, 8. These are precisely the kinds of subjective fears and emotional reactions that *Lyons* held to be insufficient to establish standing.

Plaintiff contends that Defendants have "applie[d] an incorrect legal framework." *Id.* at 1. To the contrary, it is Plaintiff who misapprehends what is required of him, as he seeks to avoid establishing this Court's subject matter jurisdiction by adequately showing that he has standing. In *Murthy v. Missouri*, 603 U.S. 43, 50 (2022), the Supreme Court recently reiterated that plaintiffs seeking injunctive relief must show "a substantial risk that, in the near future, they will suffer an injury that is traceable to a Government defendant and redressable by the injunction they seek." *Id.* (reversing decision finding that a plaintiff had standing). As explained, Plaintiff has not done that. Moreover, although in considering a motion for a preliminary injunction the Court need only

find that Plaintiff has a "substantial likelihood" of establishing standing, *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 918 (D.C. Cir. 2015), here the Court has before it not only a motion for a preliminary injunction but also a motion to dismiss for lack of subject matter jurisdiction, both of which motions are ripe for decision. And "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) (citation omitted). This is just such a time. The Court may not put aside this jurisdictional issue merely because a preliminary injunction motion is pending, for jurisdiction must "be established as a threshold matter." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998), *abrogated on other grounds as stated in Riley v. Bondi*, No. 23-1270, 2025 WL 1758502, at *8 (U.S. June 26, 2025) ("'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)).

Plaintiff makes no meaningful attempt to bear his burden to establish his standing, instead only generically referencing his "declarations." Pl. Opp'n (ECF No. 22) at 3. That is entirely inadequate. It is his burden to prove subject matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. EPA*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000). "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), [a] plaintiff['s] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (internal citations and quotation marks omitted). And the Court need not accept as true "a legal conclusion couched as a factual allegation" or an inference "unsupported by the facts set out in the complaint."

*Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (citation and internal quotation marks omitted). Here Plaintiff asserts legal conclusions about the supposed insufficiency of the reactivation of his SEVIS record, but such legal assertions do not suffice to establish standing. The Court has before it, through Plaintiff's own submission, the letter specifically sent to Plaintiff informing him that his SEVIS record has been reset to active, and that the activation is "automatically retroactive to the date of termination on April 10, 2025." ECF No. 16-1. "[T]he effect of this retroactive activation is as though the termination did not happen, and there are no 'gaps' or 'lapses' in your SEVIS record." *Id.* And, as previously shown, Plaintiff's SEVIS record was reactivated substantially before this suit even began. *See* ECF No. 18-4 (SEVIS record showing "Status Change Date" to "ACTIVE" on April 24, 2026); *see also* ECF No. 1 (Complaint not filed until May 4, 2025). There is no reasonable dispute about the fact of the SEVIS record's reactivation, and any dispute about the reactivation's adequacy is a legal matter, not a factual dispute that, as Plaintiff would have it, should not be resolved "until after discovery or trial." Pl. Opp'n (ECF No. 22) at 3. Tellingly, Plaintiff scarcely grapples with the fact of the SEVIS record's reactivation and its implications on his standing to bring this suit in the first place, instead attempting to sidestep the standing requirement simply by asserting that the standing inquiry may not be as full-throated in the preliminary injunction context. But that is not the only question before the Court, given the pending, ripe motion to dismiss for lack of subject matter jurisdiction.

Moreover, Plaintiff's claimed procedural violation does not suffice to confer standing. "'[A] procedural right in vacuo . . . is insufficient to create Article III standing.'" *WildEarth Guardians v. Jewell*, 738 F.3d 298, 305 (D.C. Cir. 2013) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009)) (alterations in original); *accord Gjoci v. Dep't of State*, Civ. A. No. 21-0294 (RCL), 2021 WL 3912143, *8, 16 (D.D.C. Aug. 30, 2021) (in challenge to alleged

immigration policy changes, denying preliminary injunction "[b]ecause plaintiffs have failed to meet their burden with respect to standing, the Court need not consider the remaining preliminary injunction factors"). Here, reactivation of Plaintiff's SEVIS record eliminated any ongoing harm— that is, as his record was retroactively reactivated, thus there is no concrete injury stemming from any alleged procedural error, which in any event was remedied before this suit began.

Relatedly, Plaintiff also attempts to base his legal standing to bring this suit on an incorrect status quo ante. At the time this suit was brought, Plaintiff's SEVIS record already had been retroactively reactivated—that is the status quo ante. To establish his standing, Plaintiff appears to wish that he had sued earlier, during the time when his SEVIS record had been suspended for approximately two weeks, but he did not. Thus, the core injury he alleges did not exist at the time he began this suit. *See Consarc Corp. v. Off. of Foreign Assets Control*, 71 F.3d 909, 912-13 (D.C. Cir. 1995) (analyzing what properly constitutes the "status quo ante").

Finally, this filing is only a reply in support of Defendants' motion to dismiss and not a sur-reply in further opposition to Plaintiff's request for a preliminary injunction. Accordingly, Defendants have not fully engaged with the multiple inaccuracies, legal errors, and improper authorities advanced in Plaintiff's preliminary injunction reply. That relative silence should not be taken as accepting such inaccuracies. For example, several of Plaintiff's cited authorities do not withstand scrutiny. Aside from the fact that Plaintiff largely relies on out-of-Circuit law and fails to grapple with the law that is binding here, Plaintiff also cites a decision that does not exist. *See* Pl. Opp'n (ECF No. 22) at 3 (purporting to cite a case called "*Moms Against Poverty v. Dep't of State*, 2022 WL 17951329, at *3 (D.D.C. Dec. 23, 2022)").[2] Plaintiff similarly incorrectly asserts

---

[2]   Government counsel searched this Court's PACER system and was unable to find any lawsuit filed in this district involving a party called "Moms Against Poverty." Similarly, counsel searched the "All Federal" database on Westlaw for "Moms Against Poverty" and found no such

that *Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F.2d 1197, 1198 (9th Cir. 1980), is a D.C. Circuit decision that supplies the standard binding on this Court for evaluating factual disputes in this matter—to the contrary, it is a Ninth Circuit decision. *See* Pl. Opp'n (ECF No. 22) at 3. And Plaintiff addresses arguments Defendants never made—e.g., about whether this case is moot. Unlike in some other cases that were brought more promptly by students whose SEVIS records were altered, Defendants' motion to dismiss in this case is not based on mootness. That is because Plaintiff lacks standing at the threshold to challenge an action that already had been un-done by the time this suit began.

In sum, Plaintiff lacked standing when he brought this suit. His subjective fears that Immigration and Customs Enforcement's prior termination of his SEVIS record, which was retroactively reactivated well before suit was brought, might cause future harm are entirely insufficient to establish standing. Speculation about possible future consequences does not meet the constitutional requirement for a "case or controversy" and cannot support standing here. Nor can his assertions of procedural deficiencies in the short-lived termination of his SEVIS record. This suit never should have been brought, and it should be ended now, before it consumes further judicial and party resources.

---

case. Accordingly, it appears this citation was either created by Plaintiff or perhaps a hallucination of artificial intelligence. *See, e.g.*, Stanford Univ., Human-Centered Artificial Intelligence, "AI on Trial: Legal Models Hallucinate in 1 out of 6 (or More) Benchmarking Queries" (May 23, 2024), https://hai.stanford.edu/news/ai-trial-legal-models-hallucinate-1-out-6-or-more-benchmarking-queries. In either event, the premise supposedly supported by this fictitious citation (i.e., that a plaintiff when seeking a preliminary injunction "need only demonstrate a likelihood of jurisdiction, not conclusively prove it," *see* Pl. Opp'n (ECF No. 22) at 3), is incorrect as a matter of law. *See, e.g.*, *Klayman v. D.C. Ct. of Appeals*, Civ. A. No. 24-2997 (RBW), 2025 WL 1517247, at *5 (D.D.C. May 28, 2025) (collecting citations; "In order to establish a likelihood of success on the merits, a party moving for a preliminary injunction must also establish subject-matter jurisdiction.").

## CONCLUSION

For the reasons stated in Defendants' motion to dismiss and herein, the Court should dismiss this case for lack of subject matter jurisdiction.

Dated: June 27, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

BRIAN P. HUDAK, D.C. Bar #90034769
Chief, Civil Division

By:      */s/ Peter C. Pfaffenroth*
PETER C. PFAFFENROTH
D.C. Bar No. 496632
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2513

*Attorneys for the United States of America*