UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STUDENT DOE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 01-cv-01352-APM |
| ) | |
| KRISTI NOEM, Secretary of the ) | |
| Department of Homeland Security; and ) | |
| ) | |
| TODD LYONS, Acting Director of ) | |
| Immigration and Customs Enforcement, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## RESPONSE TO ORDER TO SHOW CAUSE

Attorney Sarnata Reynolds respectfully submits this response to the Court's Minute Order to Show Cause, and says:

1. That the undersigned deeply regrets the oversight identified in the Court's Order.

2. That, in the course of preparing the response to a defense motion, the undersigned used ChatGPT to assist with initial research and the framing of the issues presented. Although this was to be used only as a starting point for further research, the undersigned failed to verify the accuracy of *Moms Against Poverty v. Department of State*, 2022 WL 17951329 (D.D.C. Dec. 23, 2022), a non-existent case.

3. This citation, an apparent "hallucination" of artificial intelligence, was cited for the correct standard related to the issuance of preliminary injunctions. Numerous cases throughout the nation articulate the standard to which the undersigned referred in her memorandum. Indeed, the undersigned had already cited even stronger authority from

the Supreme Court of the United States in the case of *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Despite the undisputed standard set forth there, and the plethora of actual cases reaffirming this proposition, the undersigned should have nonetheless reviewed the actual case erroneously cited for this proposition.

4. In preparing the opposition to the defense motion, the undersigned recognizes the critical importance of human diligence and careful review to ensure accuracy, particularly when considering information generated by artificial intelligence. Embarrassed by the oversight, she offers no justification or cause for the erroneous citation—only the resolve that she will never again cite to a case that she has not personally reviewed.

5. That, as an immigrant herself, the undersigned has dedicated her 25-year career to advocating on behalf of immigrants, refugees, and those seeking access to justice in an area ripe with human rights violations.[1] Having litigated many asylum and removal cases for little or no fee, the undersigned understands the importance of this work and deeply regrets that any sanction imposed may impair her ability to continue serving a population whose legal advocates come in short supply.

6. That the undersigned recognizes the gravity of her error, especially as it occurs at a time of unprecedented need on the part of the immigrant community. If given an undeserved reprieve by this Court, she assures this Court that she will use this second chance to serve this community and this Court with the highest caliber of

---

[1] Eight of those years were spent litigating asylum and deportation defense cases before the immigration courts, Board of Immigration Appeals, and U.S. District and Circuit Courts in the Ninth Circuit, including a precedent-setting case at the intersection of criminal and immigration law, *Rebilas v. Mukasey*, 527 F.3d 783, 785-86 (9th Cir. 2008).

representation. In short, the lapse in prefiling review that occurred here will never happen again.

WHEREFORE, Sarnata Reynolds, in the hope that she may continue to serve an underserved population, respectfully requests that this Court exercise its discretion to refrain from imposing a public sanction for an error that she deeply regrets.

Dated: July 3, 2025					Respectfully Submitted,

/s/ SARNATA REYNOLDS
Sarnata Reynolds
CA Bar No. 203444
Ceartas Solutions
6930 Carroll Ave., Ste. 500
Takoma Park, MD 20912
415-260-7394